UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA REYNOLDS, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

   MELISSA REYNOLDS
   509 Trotters Lane
   Elizabeth, New Jersey 07208

   PORTFOLIO RECOVERY ASSOCIATES, LLC
   120 Corporate Boulevard
   Norfolk, Virginia 23502

## PRELIMINARY STATEMENT

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district and the Plaintiff resides in this jurisdiction.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Union County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. PRA maintains a location at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. PRA uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. PRA is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

**CLASS ACTION ALLEGATIONS**

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers for whom Defendant communicated to any person credit information, which is known to be false and/or for whom Defendant failed to communicate that a disputed debt was disputed as set forth herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were harmed by the Defendant's conduct in violation of the FDCPA. Plaintiff is complaining about a standard conduct that occurred to at least fifty (50) persons.

   b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

     i. Whether the Defendants violated various provisions of the FDCPA;

     ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

     iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

     iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford

to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

### STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Sometime prior to September 22, 2021, Plaintiff allegedly incurred a financial obligation ("OBLIGATION") to CAPITAL ONE BANK (USA) N.A.

19. The OBLIGATION arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the OBLIGATION by obtaining goods and services which were primarily for personal, family and household purposes.

21. Plaintiff did not incur the OBLIGATION for business purposes.

22. The OBLIGATION did not arise out of a transaction that was for business use.

23. The OBLIGATION is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. At some time prior to September 22, 2021, the OBLIGATION was allegedly purchased by and/or sold to PRA.

25. At the time that the OBLIGATION was allegedly purchased by and/or sold to PRA, the OBLIGATION was past due.

26. At the time that the OBLIGATION was allegedly purchased by and/or sold to PRA, the OBLIGATION was in default.

27. Defendant reported information regarding the OBLIGATION to one or more national credit reporting agencies.

28. Plaintiff caused to be delivered to Defendant a letter dated September 22, 2021 regarding the OBLIGATION that Defendant reported information to one or more national credit reporting agencies. See **Exhibit A**, which is fully incorporated herein by reference.

29. The September 22, 2021 letter was sent to Defendant in connection with the collection of the OBLIGATION.

30. The September 22, 2021 letter which was sent to the Defendant stated in part:

>    RE:   Account # 5178059722251122
>          Reference Number 1958642
>
>    Be advised this is not a refusal to pay, but a notice that your claim
>    is disputed and validation is requested.

31. After receiving Plaintiff's September 22, 2021 letter, Defendant knew or should have known that the credit information concerning the OBLIGATION would be communicated to creditors and other persons.

32. Since at least June 2023, the credit information communicated to these creditors and other persons did not indicate that the OBLIGATION were disputed.

33. Since at least June 2023, the credit information communicated to these creditors and other persons concerning the OBLIGATION was false.

34. Since at least June 2023, Defendant failed to communicate to any person that the OBLIGATION was disputed.

35. Since at least June 2023, Defendant has communicated to at least one person, credit information regarding the OBLIGATION which is known or should be known to be false.

36. The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

37. As described herein, Defendant engaged in abusive debt collection practices.

38. PRA knew or should have known that its actions violated the FDCPA.

39. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

40. Defendants' failure to report a disputed debt as such violates the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) By communicating credit information which is known to be false or should be known to be false; and

    (c) Using a false representation or deceptive means to collect or attempt to collect a debt.

41. On information and belief, Defendant engaged in the practices described herein, for at least 50 natural persons within New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

42. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

43. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

44. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

45. By failing to communicate that the OBLIGATION was disputed to one or more of the credit reporting bureaus, Defendant engaged in a false, deceptive or misleading representation or means in connection with the collection of the debt.

46. Defendant violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character or legal status of the debt.

47. By failing to communicate that a disputed debt was disputed, Defendant made a false representation of the character or legal status of the debt.

48. By communicating credit information which is known to be false or should be known to be false, Defendant made a false representation of the character or legal status of the debt.

49. Section 1692e(8) of the FDCPA prohibits a debt collector from communicating to any person credit information which is known to be false or should be known to be false, including the failure to communicate that a disputed debt is disputed.

50. As described herein, Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA.

51. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating to any person credit information which is known to be false or should be known to be false.

52. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to any person that the OBLIGATION was disputed.

53. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to one or more of the credit reporting bureaus that the OBLIGATION was disputed.

54. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

55. As described herein, Defendant violated 15 U.S.C. § 1692e(10) of the FDCPA.

56. By failing to communicate that the OBLIGATION was disputed as described herein, Defendant engaged in a false representation or deceptive means to collect or attempt to collect the debt.

57. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

58. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

59. Plaintiff and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692e(8).

60. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

61. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

62. Defendant's failure to act as described herein caused harm to the credit of Plaintiff and others similarly situated.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

### DEMAND FOR DOCUMENT RETENTION AND PRESERVATION

Plaintiff and others similarly situated demand that each Defendant, and its agents, or anyone acting on its behalf, preserve and be immediately restrained from altering, deleting, or destroying any documents or records that are described herein and/or that are relevant to this Complaint.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: March 15, 2022

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff*

# EXHIBIT

# A

9/22/2021

Melissa Reynolds
509 Trotters Lane
Elizabeth, NJ 07208

Portfolio Recovery
150 Corporation Blvd
Norfolk, VA 23502
Certified Mail # 7020 2450 0000 5784 5744

RE: Account # 5178059722251122
     Reference Number 1958642

To Whom It May Concern:

Please be advise this is the fourth request. First request was verbally on May 1st via telephone. The second request was May 24th via a debt validation letter sent certified mail # 7020 1290 0000 4394 2269. The third letter was June 25th sent certified mail # 7020 2450 0000 5784 4693. This letter dated 9/22/21 is the fourth request. Be note if this matter is not addressed I will be forced to file legal actions.

Be advised this is not a refusal to pay, but a notice that your claim is disputed and validation is requested. Under the Fair Debt collection Practices Act (FDCPA), I have the right to request validation of the debt you say I owe you. I am requesting proof that I am indeed the party you are asking to pay this debt, and there is some contractual obligation that is binding on me to pay this debt.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to 15 USC 1692g Sec. 809 (b) of the FDCPA. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

At this time I will also inform you that if your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, Trans Union), this action might constitute fraud under both federal and state laws. Due to this fact, if any negative mark is found or continues to report on any of my credit reports by your company or the company you represent, I will not hesitate in bringing legal action against you and your client for the following: Violation of the Fair Debt Collection Practices Act and Defamation of Character.

I am sure your legal staff will agree that non-compliance with this request could put your company in serious legal trouble with the FTC and other state or federal agencies.

If your offices are able to provide the proper documentation as requested in the following declaration, I will require 30 days to investigate this information and during such time all

collection activity must cease and desist. Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be inaccurate or invalidated. If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

It would be advisable that you and your client assure that your records are in order before I am forced to take legal action.

CREDITOR/DEBT COLLECTOR DECLARATION

Please provide the following:

• Agreement with your client that grants you the authority to collect on this alleged debt.
• Agreement that bears the signature of the alleged debtor wherein he/she agreed to pay the creditor.
• Any insurance claims been made by any creditor regarding this account.
• Any Judgments obtained by any creditor regarding this account.
• Name and address of alleged creditor.
• Name on file of alleged debtor.
• Alleged account number.
• Address on file for alleged debtor.
• Amount of alleged debt.
• Date this alleged debt became payable.
• Date of original charge off or delinquency.
• Verification that this debt was assigned or sold to collector.
• Complete accounting of alleged debt.
• Commission for debt collector if collection efforts are successful.

Please provide the name and address of the bonding agent for «COLLECTIONAGENCY» in case legal action becomes necessary. Your claim cannot and WILL NOT be considered if any portion of the above is not completed and returned with copies of all requested documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please allow 30 days for processing after I receive this information back.

Best Regards

*Melissa Reynolds*

cc Federal Trade Commission